IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JOE DWAYNE MILLER III,<br><br>Plaintiff,<br><br>v.<br><br>AMADOR COUNTY JAIL,<br><br>Defendant. | No. 2:21-CV-2226-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to dismiss. See ECF No. 15. Plaintiff has not filed an opposition.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

/ / /

2

1    Furthermore, leave to amend must be granted "[u]nless it is absolutely clear that
2    no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)
3    (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

4    Finally, "the Supreme Court has instructed the federal courts to liberally construe the
5    inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint]
6    however inartfully pleaded are held to less stringent standards than formal pleadings drafted by
7    lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation
8    marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual
9    allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a
10   civil rights complaint may not supply essential elements of the claim that were not initially pled.'"
11   See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of
12   Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint. Plaintiff names Amador County Jail as the only defendant to this action and brings three 42 U.S.C. § 1983 claims against Defendant. See ECF No. 1, pg. 1-2. Plaintiff alleges the events which gave rise to his complaint took place while he was a prisoner at the Amador County Jail in Jackson, California. See id. at 1. The relief requested by Plaintiff is "100,000.00 for the mental and emotional stress Amador County jail has caused my family and myself also a change in Amador County Jail due to the staffs [sic] negligence to my rights and laws." See ECF No. 1, pg. 6.

Plaintiff's first claim alleges the violation of his First and Eighth Amendment rights because the officers at the jail allegedly send back any letter Plaintiff writes to his girlfriend that "has any sexual topic in it" and is told that he "cannot send it out due to [its] explicit nature." See ECF No. 1, pg. 3. Plaintiff further alleges that the letters sent from his girlfriend are mailed back, which costs her money. See id. Plaintiff adds, "If I write a book and my cell gets searched the officers take my writings read them and confiscate them saying they are explicit." Id. Plaintiff alleges that these actions have caused him "extreme emotional stress and emotional distress

[because] every letter or writing I do [is] out of fear of will the staff here sensor my writing or letters and keep them." Id. Plaintiff states that he did not pursue administrative relief at any level for this claim because he has been threatened with retaliation on other matters, and the jail staff refuse to understand his rights. See id.

Plaintiff's second claim does not list a specific constitutional or federal civil right that was violated, but identifies the issue involved as being the exercise of religion. See ECF No. 1, pg. 4. Plaintiff alleges he is a practitioner of Asatru or Odinist and Defendant does not allow the exercise of his or any religion. See id. Plaintiff states that Defendant does not provide services or religious books and Plaintiff "cannot do any bloats." See id. Plaintiff further alleges, "[t]hey have a library but the[y] refuse me and other inmates access to [it] saying they cannot due to COVID." Id. Plaintiff adds, "[b]ut if they were following protocol then we would have access to the library therein opening some Exercise of religion." Id. Plaintiff alleges his injuries for this claim as, "mental and emotional stress due to this Jails staffs [sic] negligence to understand Rights and law that they have to abide by." Id. Plaintiff states that he did not pursue administrative relief at any level for this claim because he has been threatened with retaliation on other matters, and the jail staff refuse to understand his religious rights. See id.

Plaintiff's third claim alleges the violation of his Eighth Amendment rights because at the time the complaint was written he had been at the Amador County Jail for seven months and during that time only two people had video visits, even though Defendant allegedly told the public that inmates have been "getting video visits since COVID started [and] we have not." See ECF No 1, pg. 5. Plaintiff alleges, "in other counties inmates get 2 free phone calls a week to call family, friends, and loved ones, [but] not here." Id. Plaintiff adds that when he goes to court on Zoom, his video conferences with his lawyer are supervised by an officer in the same room standing nearby, which is different from everywhere else he has been where he was allowed to talk with his lawyer in private. See id. Plaintiff alleges his injuries caused by these actions include extreme mental and emotional distress and "a fear of what I can and cannot say in a Zoom visit with my lawyer because Amador County Jail staff are right there." See id. Plaintiff states that he did submit a request for administrative relief on this claim and "[i]t is in the process but

they refuse to understand my rights and laws so it will get nowhere with them." See id.

## II.  DISCUSSION

Plaintiff failed to timely respond to Defendant's motion to dismiss and Defendant argues that under Local Rule 230 Plaintiff's failure to file a timely opposition may be construed as a non-opposition to the motion. See ECF No. 19, pgs. 1-2. However, given Plaintiff's pro se status the Court will not construe Plaintiff's failure to file a timely opposition as a non-opposition and will instead analyze the merits of Defendant's motion to dismiss.

Defendant argues Plaintiff fails to allege sufficient facts to sustain any of his claims against a municipal entity.  In its motion to dismiss, Defendant argues that Plaintiff's "claims are all brought against a public entity which require specific allegations that the alleged deprivations of Plaintiff's constitutional rights were the result of a policy or custom of the entity." See ECF No. 15, pg. 2. Defendant adds, "[n]o policy or custom is identified and the allegations focus solely on individual action[s] taken by jail staff particular to Plaintiff without any participation by a policy-maker." ECF No. 15, pg. 6.

Municipalities and other local government units, such as Defendant here, are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

///

///

///

The Court agrees that Plaintiff has failed to identify a custom or policy of the municipality which resulted in his alleged constitutional deprivations.  Plaintiff's complaint alleges potential constitutional violations based on the individual actions of unnamed jail staff who are not parties to this action but does not state the policies or customs these individuals were following, as required to hold a municipality liable. Accordingly, the undersigned recommends granting Defendant's motion to dismiss.  Given, however, the possibility that Plaintiff's claims can be bolstered by alleging a custom or policy of the municipality that resulted in constitutional deprivations by jail staff implementing such customs or policy, the Court will recommend providing Plaintiff an opportunity to amend.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant's unopposed motion to dismiss, ECF No. 15, be granted.

2. Plaintiff's complaint, ECF No. 1, be dismissed with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 27, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE